IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 15-cv-02186-GPG

JUAN R. BRISENO,

      Plaintiff,

v.

THERESA COZZA-RHODES,
JOSE SANTANA,
PAUL LAIRD,
FRANK STRATTA,
CHARLES SAMUELS, JR.,
FEDERAL BUREAU OF PRISONS, and
PAUL ZOHN, Ph.D.,

      Defendants.

_____

ORDER DIRECTING PLAINTIFF TO FILE AMENDED COMPLAINT
_____

Plaintiff, Juan R. Briseno, is a prisoner in the custody of the Federal Bureau of

Prisons at the United States Penitentiary in Florence, Colorado.   Mr. Briseno has filed

*pro se* a Prisoner Complaint (ECF No. 1) claiming he is being subjected to cruel and

unusual punishment in violation of the Eighth Amendment to the United States

Constitution.   He seeks damages as well as declaratory and injunctive relief.

The court must construe the Prisoner Complaint liberally because Mr. Briseno is

not represented by an attorney.   *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972);

*Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).   However, the court should not be

an advocate for a *pro se* litigant.   *See Hall*, 935 F.2d at 1110.   Mr. Briseno will be

ordered to file an amended complaint if he wishes to pursue his claim in this action.

As part of the court's review pursuant to D.C.COLO.LCivR 8.1(b), the court has determined the Prisoner Complaint does not comply with the pleading requirements of Rule 8 of the Federal Rules of Civil Procedure.   The twin purposes of a complaint are to give the opposing parties fair notice of the basis for the claims against them so that they may respond and to allow the court to conclude that the allegations, if proven, show that the plaintiff is entitled to relief.   *See Monument Builders of Greater Kansas City, Inc. v. American Cemetery Ass'n of Kansas*, 891 F.2d 1473, 1480 (10th Cir. 1989).   The pleading requirements of Rule 8 are designed to meet these purposes.   *See TV Communications Network, Inc. v. ESPN, Inc.*, 767 F. Supp. 1062, 1069 (D. Colo. 1991), *aff'd*, 964 F.2d 1022 (10th Cir. 1992).   Specifically, Rule 8(a) provides that a complaint "must contain (1) a short and plain statement of the grounds for the court's jurisdiction, . . . (2) a short and plain statement of the claim showing that the pleader is entitled to relief; and (3) a demand for the relief sought."   The philosophy of Rule 8(a) is reinforced by Rule 8(d)(1), which provides that "[e]ach allegation must be simple, concise, and direct."   Taken together, Rules 8(a) and (d)(1) underscore the emphasis placed on clarity and brevity by the federal pleading rules.   Prolix, vague, or unintelligible pleadings violate Rule 8.

Mr. Briseno alleges he "is mentally ill and isn't receiving treatment and is held in unconstitutional isolation."   (ECF No. 1 at 3.)   However, he fails to allege specific facts that demonstrate his Eighth Amendment rights have been violated.   In order to state an arguable Eighth Amendment claim Mr. Briseno must allege specific facts that demonstrate deliberate indifference to a substantial risk of serious harm, *see Farmer v.*

*Brennan*, 511 U.S. 825 (1994); *Tafoya v. Salazar*, 516 F.3d 912, 916 (10th Cir. 2008), or

deliberate indifference to his serious medical needs, *see Estelle v. Gamble*, 429 U.S. 97,

104-06 (1976).   Deliberate indifference means that "a prison official may be held liable . .

. only if he knows that inmates face a substantial risk of serious harm and disregards that

risk by failing to take reasonable measures to abate it."   *Farmer*, 511 U.S. at 847.   Part

of the confusion stems from the fact that Mr. Briseno appears to be challenging, at least in

part, the conditions of confinement at ADX Florence even though he is not incarcerated at

ADX Florence.

Vague and conclusory allegations that his federal constitutional rights have been

violated do not entitle a *pro se* pleader to a day in court regardless of how liberally the

court construes such pleadings.   *See Ketchum v. Cruz*, 775 F. Supp. 1399, 1403 (D.

Colo. 1991), *aff'd*, 961 F.2d 916 (10th Cir. 1992).   Furthermore, the general rule that *pro

se* pleadings must be construed liberally has limits and "the court cannot take on the

responsibility of serving as the litigant's attorney in constructing arguments and searching

the record."   *Garrett v. Selby Connor Maddux & Janer*, 425 F.3d 836, 840 (10th Cir.

2005).   Thus, "in analyzing the sufficiency of the plaintiff's complaint, the court need

accept as true only the plaintiff's well-pleaded factual contentions, not his conclusory

allegations."   *Hall*, 935 F.2d at 1110.

Mr. Briseno must identify the specific factual allegations that support his Eighth

Amendment claim and what each Defendant did that allegedly violated his rights.   *See

Nasious v. Two Unknown B.I.C.E. Agents*, 492 F.3d 1158, 1163 (10th Cir. 2007) (noting

that, to state a claim in federal court, "a complaint must explain what each defendant did

to him or her; when the defendant did it; how the defendant's action harmed him or her; and, what specific legal right the plaintiff believes the defendant violated").   Allegations of "personal participation in the specific constitutional violation complained of [are] essential."   *Henry v. Storey*, 658 F.3d 1235, 1241 (10th Cir. 2011).   A defendant may not be held liable for the unconstitutional conduct of his subordinates on a theory of respondeat superior.   *See Ashcroft v. Iqbal*, 556 U.S. 662, 676 (2009).   Although a defendant can be liable in a based on his or her supervisory responsibilities, a claim of supervisory liability must be supported by allegations that demonstrate personal involvement, a causal connection to the constitutional violation, and a culpable state of mind.   *See Schneider v. City of Grand Junction Police Dept.*, 717 F.3d 760, 767-69 (10th Cir. 2013) (discussing standards for supervisory liability).

Finally, to the extent Mr. Briseno is challenging the conditions of confinement at ADX Florence because he may be transferred to that prison, he may not incorporate factual allegations regarding those conditions from a pleading in another lawsuit; he must allege in his amended complaint in this action the specific conditions he is challenging. Accordingly, it is

ORDERED that Mr. Briseno file, **within thirty (30) days from the date of this order**, an amended complaint as directed in this order.   It is

FURTHER ORDERED that Mr. Briseno shall obtain the court-approved Prisoner Complaint form (with the assistance of his case manager or the facility's legal assistant), along with the applicable instructions, at www.cod.uscourts.gov.   It is

FURTHER ORDERED that, if Mr. Briseno fails to file an amended complaint that

complies with this order within the time allowed, the action will be dismissed without further notice.

DATED October 15, 2015, at Denver, Colorado.

BY THE COURT:

s/ Gordon P. Gallagher

_____

United States Magistrate Judge